UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. BRABSON III,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLADIEUX, et al.,<br><br>Defendants. | CAUSE NO. 1:23-CV-150-HAB-SLC |

OPINION AND ORDER

James E. Brabson III, a prisoner proceeding without a lawyer, filed a civil rights complaint. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Brabson recently filed a motion for leave to proceed in forma pauperis. (ECF 6.) However, this motion is unnecessary because he was

already granted leave to proceed in forma pauperis in this case.[1] (ECF 3.) The motion will be denied.

Mr. Brabson is a pretrial detainee at the Allen County Jail. He claims that since his arrival at the jail in October 2022, the jail showers have been "filled with mold." He claims one of the two showers has a door that is "decayed and has sharp rusted exposed steal." The other shower has no shower curtain, and so he has been using his bed sheet as a curtain when he showers. He further complains that there are no "non-slip strips or mats for the elderly." He sues Allen County Sheriff Troy Hershberger and former Sheriff David Gladieux, seeking monetary damages and other relief.

Because Mr. Brabson is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, they must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). The Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways:

---

[1] The court is aware that he has not paid the initial partial filing fee assessed in April 2023. However, his recently filed motion reflects that he does not have sufficient funds to do so, and because of a negative balance on his account, is unlikely to have such funds in the near future. The case will proceed to screening, but he is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

2

first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

     Mr. Brabson has not alleged the type of deprivation that would amount to a constitutional violation. It is evident from his allegations that he has been given regular opportunities to shower. Although the showers are not particularly clean and one of them has a damaged door, it can be discerned that he has been able to use the other, non-damaged shower. He does not like that shower because it does not have a door, but he has limited privacy rights as a jail detainee. *See Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). Further, his allegations reflect that jail staff have permitted him to use a bed sheet as a curtain to give him privacy while showering. At most, he describes negligence in the maintenance of the jail, but negligence—even "gross" negligence—is not enough to state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. There is also no indication that he has been injured by

the damaged door or other conditions he describes.² *See Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983.").

Additionally, the only defendants he names are two high-ranking officials, former Sheriff Gladieux and Sheriff Hershberger. These defendants are not mentioned in the narrative section of the complaint, and it appears he is trying to hold them liable based on their positions. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. Brabson has not plausibly alleged that his constitutional rights were violated by jail staff in connection with the showers. Even if he had, there is insufficient factual content from which the court could plausibly infer that former Sheriff Gladieux or Sheriff Hershberger knew about any unconstitutional conduct and condoned it, facilitated it, or approved of it.

Therefore, his complaint does not state a claim for relief. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing

---

² To the extent he is trying to assert claims on behalf of other inmates, he has no standing to do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). He mentions the need for no-slip mats for the "elderly," but Indiana Department of Correction public records reflect that he is 43 years old. *See* https://www.in.gov/apps/indcorrection/ofs/ofs?lname=brabson&fname=james&search1.x=0&search1.y=0 (last visited July 19, 2023).

4

the court's order, he believes that he can state a claim based on the problems with the showers, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 6);

(2) GRANTS the plaintiff until **August 21, 2023**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 26, 2023.

        s/Holly A. Brady  
        CHIEF JUDGE HOLLY A. BRADY  
        UNITED STATES DISTRICT COURT